# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

|  |  |
|---|---|
| BRANDON ANTHONY MORGAN,<br><br>        Plaintiff,<br><br>v.<br><br>ALEX GENTRY, police officer;<br>AUSTIN PATTON, police officer;<br>KAREN DARBY, jailer; DOYLE<br>WOOTEN, sheriff; ELISHA GILLIS,<br>superior clerk of courts;<br>BEVERLY JOHNS, judge; WESLEY<br>VICKERS, county admin; and<br>TRACIE VICKERS, secretary in<br>county comm office,<br><br>        Defendants. | CV 5:23-091 |

### ORDER

Before the Court is a motion to dismiss filed by Defendants Alex Gentry, Austin Patton, Karen Darby, Doyle Wooten, Elisa Gillis,[1] Beverly Johns, Wesley Vickers, and Tracie Vickers. Dkt. No. 6. Plaintiff Brandon Morgan has responded in opposition, dkt. no. 7, and the motion is ripe for review.

### BACKGROUND[2]

---

[1] The complaint identifies this Defendant as "Elisha Gillis," dkt. no. 1, but Defendants' motion identifies her as "Elisa Gillis," dkt. no. 6. The Clerk is **DIRECTED** to correct the spelling of Ms. Gillis's name on the docket.

[2] For purposes of ruling on Defendants' motion to dismiss, the Court takes Plaintiff's version of the facts as true. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[W]hen ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.").

Plaintiff alleges in the complaint that, on July 17, 2023, he was riding his ATV when Defendant Alex Gentry, a police officer, chased him down a dirt road and into an ATV trail and hit him "at speeds of 45 [miles per hour]." Dkt. No. 1 at 5. Plaintiff appears to allege that Defendant Gentry arrested Plaintiff after the collision for both possession of methamphetamine and obstruction of a law enforcement officer. See id. at 5, 8, 10. Plaintiff further alleges his "name was slandered on Douglasnow.com." Id. at 5. Plaintiff also alleges that, as a result of the arrest, he lost his license and business, and he had to spend $300 to repair his ATV. Id. Attached to the complaint is, among other things, a copy of the warrant for Plaintiff's arrest, which contains an affidavit authored and affirmed by Defendant Gentry. Id. at 8, 10.

In the complaint, Plaintiff does not state a basis for subject matter jurisdiction. Id. at 2. He also does not expressly state a cause of action, federal or otherwise. Id. at 4. Defendants move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Dkt. No. 6.

## LEGAL AUTHORITY

Federal courts have limited jurisdiction. Ishler v. Internal Revenue, 237 F. App'x 394, 395 (11th Cir. 2007) (citing Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005)). The plaintiff bears the burden of establishing the court's subject

matter jurisdiction. Id. Under Federal Rule of Civil Procedure 12(b)(1), there are two types of motions to dismiss for lack of subject matter jurisdiction—facial attacks and factual attacks. Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003) (citing Lawrence v. Dubar, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." Id. "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." Id.

Further, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." Id.

Lastly, exhibits attached to pleadings become part of a pleading. Fed. R. Civ. P. 10(c). Consequently, a court may consider documents attached to a complaint as exhibits in resolving a motion to dismiss without converting the motion to one for summary judgment. Taylor v. Appleton, 30 F.3d 1365, 1368 n.3 (11th Cir. 1994).

**DISCUSSION**

Defendants deduce from Plaintiff's complaint that Plaintiff is asserting claims for negligence and slander, and, possibly, a 42 U.S.C. § 1983 claim arising from his arrest. Dkt. No. 6-1 at 3. Notably, Plaintiff's complaint does not state a basis for federal subject matter jurisdiction. See Dkt. No. 1. Based on the complaint itself, the parties are not diverse, so there cannot be diversity jurisdiction. 28 U.S.C. § 1332. The Court therefore must determine whether a federal question exists. 28 U.S.C. § 1331. Here, because Plaintiff's negligence and slander claims arise under state law, the only possible basis for federal question jurisdiction is his apparent § 1983 claim. The Court will now determine whether that claim is viable.

**I.   Plaintiff's § 1983 Claim**

As noted *supra*, Plaintiff was arrested pursuant to a warrant. Dkt. No. 1 at 5, 8, 10. "When an arrest challenged by a civil

4

rights plaintiff has been made pursuant to a warrant, the only available claim under § 1983 is malicious prosecution." Bell v. Norwood, No. 2:11-cv-3732, 2014 WL 4388348 (N.D. Ala. Aug. 28, 2014) (citing Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014)). As the Eleventh Circuit explained in Carter,

> Given that [the plaintiff] was arrested pursuant to a warrant, the district court properly concluded that [the plaintiff's] only available claim against [the defendant] under § 1983 was for malicious prosecution. In Heck v. Humphrey, the Supreme Court distinguished false arrest from malicious prosecution, stating, "unlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process." 512 U.S. 477, 484 . . . (1994). The issuance of a warrant—even an invalid one as [the plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.

557 F. App'x at 906.

"A § 1983 malicious prosecution claim has two basic elements: the plaintiff must prove that (1) 'the defendant violated [the plaintiff's] Fourth Amendment right to be free from seizures pursuant to legal process' and (2) 'the criminal proceedings against [the plaintiff] terminated in his favor.'" McAffee v. City of Clearwater, No. 22-12320, 2023 WL 2823392, at *2 (11th Cir. Apr. 7, 2023) (quoting Luke v. Gulley, 50 F.4th 90, 95 (11th Cir. 2022) (internal quotation marks omitted)). The Eleventh Circuit has explained, "[b]ecause 'the Fourth Amendment protects against "searches" and "seizures" (and not "prosecutions"),' the

5

favorable-termination requirement functions as a rule of accrual, not as a criterion for determining whether a constitutional violation occurred." Laskar v. Hurd, 972 F.3d 1278, 1292 (11th Cir. 2020) (internal citations omitted) (quoting Whiting v. Traylor, 85 F.3d 581, 584 (11th Cir. 1996)).

Defendants argue that Plaintiff has failed to state a claim for malicious prosecution because he has not alleged that the criminal proceedings against him terminated in his favor. Dkt. No. 6-1 at 4. Defendants are correct. Nowhere in Plaintiff's complaint does he allege that the prosecution brought against him has terminated in his favor. See Dkt. No. 1. Plaintiff has, therefore, failed to show that his malicious prosecution claim has accrued and thus failed to state a claim for malicious prosecution under § 1983.

As noted *supra*, Plaintiff's § 1983 claim is the only basis for federal question jurisdiction in this matter. Because Plaintiff's § 1983 claim fails, there exists no federal claim upon which to base jurisdiction, and the Court finds it does not have subject matter jurisdiction over this case. It must therefore be **DISMISSED without prejudice.**

### II. Plaintiff's State-Law Claims

For the sake of thoroughness, the Court expressly finds that it does not have subject matter jurisdiction over Plaintiff's

6

remaining claims, negligence and slander, which arise under state law.

> Title 28 U.S.C. § 1367(a) provides that, in any action in which the district courts "have original jurisdiction," they may exercise supplemental jurisdiction over state law claims related to the federal claim. The federal courts of appeals, however, have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims. See Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Randolph v. Budget Rent-A-Car, 97 F.3d 319, 329 (9th Cir. 1996); Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 646 n.11 (1st Cir. 1995); Womble v. Bhangu, 864 F.2d 1212 (5th Cir. 1989) (holding that where the district court determines that the appellee was not an "employer" within the meaning of Title VII and dismisses the Title VII claim for lack of subject matter jurisdiction, the district court must dismiss the state law claims).

Scarfo v. Ginsberg, 175 F.3d 957, 962 (11th Cir. 1999) (holding that the district court did not abuse its discretion in dismissing the plaintiff's state law claims after finding it did not have subject matter jurisdiction over her federal Title VII claims). In light of Eleventh Circuit precedent, Plaintiff's state law claims are **DISMISSED without prejudice**.

## CONCLUSION

Defendants' motion to dismiss, dkt. no. 4, is **GRANTED**, and Plaintiff's complaint is **DISMISSED without prejudice** to his right to re-file once his § 1983 claim has accrued. The Clerk is **DIRECTED** to close this case.

7

**SO ORDERED**, this 27 day of December, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

8